**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Northern District of Illinois
(State)

Case number (*If known*): ______________ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

**1. Debtor's name**

UPG Enterprises LLC

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)

47-1574790

**4. Debtor's address**

**Principal place of business**

1400 16th St
Number Street

#250

Oak Brook IL 60523
City State ZIP Code

DuPage
County

**Mailing address, if different from principal place of business**

Number Street

P.O. Box

City State ZIP Code

**Location of principal assets, if different from principal place of business**

Number Street

City State ZIP Code

**5. Debtor's website** (URL)

Debtor UPG Enterprises LLC
Name

Case number (*if known*)

**6. Type of debtor**

- [x] Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- [ ] Partnership (excluding LLP)
- [ ] Other. Specify: ______

**7. Describe debtor's business**

A. *Check one:*

- [ ] Health Care Business (as defined in 11 U.S.C. § 101(27A))
- [ ] Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- [ ] Railroad (as defined in 11 U.S.C. § 101(44))
- [ ] Stockbroker (as defined in 11 U.S.C. § 101(53A))
- [ ] Commodity Broker (as defined in 11 U.S.C. § 101(6))
- [ ] Clearing Bank (as defined in 11 U.S.C. § 781(3))
- [x] None of the above

B. *Check all that apply:*

- [ ] Tax-exempt entity (as described in 26 U.S.C. § 501)
- [ ] Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- [ ] Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

3 3 1 2

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11. *Check **all** that apply*:
  - [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  - [ ] The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - [ ] The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - [ ] A plan is being filed with this petition.
  - [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - [ ] The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - [ ] The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- [ ] Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- [x] No
- [ ] Yes. District ______ When ______ (MM / DD / YYYY) Case number ______

  District ______ When ______ (MM / DD / YYYY) Case number ______

Debtor UPG Enterprises LLC
Name
Case number (*if known*) ______________________

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes. Debtor See attached Schedule 1 Relationship Affiliate

District Northern District of Illinois When ________ MM / DD / YYYY

Case number, if known ______________________

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? ______________________

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other ______________________

**Where is the property?** ______________________
Number Street

______________________

______________________ ______ ______
City State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency ______________________

Contact name ______________________

Phone ______________________

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☒ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor UPG Enterprises LLC
Name

Case number (if known)

**15. Estimated assets**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☒ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☒ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 09 / 22 / 2026
MM / DD / YYYY

✘ /s/ John Sordillo
Signature of authorized representative of debtor

John Sordillo
Printed name

Title Authorized Person

**18. Signature of attorney**

✘ Michael M. Eidelman
Signature of attorney for debtor

Date 09 22 / 2026
MM / DD / YYYY

Michael M. Eidelman
Printed name

Vedder Price, P.C.
Firm name

222 N La Salle St.
Number Street

Chicago IL 60601
City State ZIP Code

(312) 609-7500
Contact phone

meidelman@vedder.com
Email address

6197788 IL
Bar number State

**Schedule 1**

**Pending or Current Bankruptcy Cases Filed by Affiliates**

On September 22, 2026, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the Northen District of Illinois. Substantially contemporaneously herewith, the Debtors will file a motion requesting that the chapter 11 cases of these entities be jointly administered for procedural purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| UPG Enterprises LLC | 47-1574790 |
| UP Investment Holdings LLC | 30-1018445 |
| UPI LS LLC | 82-4206446 |
| UPI MakUSA LLC | 83-3301401 |
| UPG Metal Services LLC | 93-4588496 |
| GenX Leasing Partners LLC | 47-3424464 |
| UP Central Office LLC | 47-3130397 |
| UP Equipment Holdings LLC | 38-4000431 |
| Metalex LLC | 36-4486707 |
| UPG Fabrication LLC | 84-3859021 |
| National Metalwares Holdings LLC | 83-3942789 |
| National Metalwares L.P. | 36-4029247 |
| Sidecar NM LLC | 83-3984555 |
| Chicago Steel Holdings LLC | 47-2540967 |
| Douglass Logistics LLC | 21-1596025 |
| Lexington Steel LLC | 36-4162209 |
| Maksteel USA LLC | 83-3266796 |
| Maksteel Transport LLC | 47-2929011 |
| UPG Flat Roll Group LLC | 87-1067515 |

Fill in this information to Identify the case:

Debtor Name: UPG Enterprises LLC

United States Bankruptcy Court for the: Northern District of Illinois

Case Number (If known):

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | GLOBAL NET LEASE OPERATING PARTNERSHIP, L.P.<br>200 DRYDEN ROAD<br>SUITE 1100<br>DRESHER, PA 19025 | CONTACT: KEVIN SARDINHA<br>PHONE: 401-436-0076<br>KSARDINHA@GLOBALNETLEASE. | LEASE | | | | $962,375.18 |
| 2 | THYSSENKRUPP MATERIALS N.A.<br>22355 W ELEVEN MILE ROAD<br>SOUTHFIELD, MI 48033 | PHONE: 937-415-2647 | TRADE | | | | $554,681.36 |
| 3 | METALS USA SPECIALTY METALS<br>3000 SHERMER ROAD<br>NORTHBROOK, IL 60062-7796 | PHONE: 847-562-2426<br>FAX: 8472918107<br>JOHN.CIMINO@METALSUSA.COM | TRADE | | | | $494,491.60 |
| 4 | PROMET STEEL INC.<br>P.O. BOX 795<br>BEDFORD PARK, IL 60499-0795 | CONTACT: KELLY LAPHEN<br>PHONE: 773 995-0317<br>FAX: 8154644903<br>KLAPHEN@PROMETSTEEL.NET | TRADE | | | | $472,526.62 |
| 5 | WORTHINGTON STEEL COMPANY<br>27404 NETWORK PLACE<br>CHICAGO, IL 60673-1274 | PHONE: 630-946-6444 | TRADE | | | | $398,940.15 |
| 6 | LIPE LYONS MURPHY NAHRSTADT & PONTIKIS LTD.<br>230 WEST MONROE ST<br>SUITE 2260<br>CHICAGO, IL 60606 | CONTACT: THOMAS J. PONTIKIS<br>PHONE: 312-448-6236<br>TJP@LIPELYONS.COM | PROFESSIONAL SERVICES | | | | $364,429.60 |
| 7 | FGMK LLC<br>2801 LAKESIDE DRIVE<br>THIRD FLOOR<br>BANNOCKBURN, IL 60015 | CONTACT: TED CLAUSS<br>PHONE: 312-638-2928<br>TCLAUSS@FGMK.COM | PROFESSIONAL SERVICES | | | | $328,420.82 |

Debtor: UPG Enterprises LLC Case Number (if known):

| Name of creditor and complete mailing address, including zip code | | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | CHARTER STEEL TRADING CO. INC.<br>8002 SOLUTIONS CENTER<br>CHICAGO, IL 60677-8800 | PHONE: 847-487-7515<br>INFO@CHARTERSTEELTRADI NG.COM | TRADE | | | | $274,966.12 |
| 9 | THOMPSON COBURN LLP<br>PO BOX 18379M<br>ST LOUIS, MO 63195 | PHONE: =O17800<br>FAX: 3145527000<br>INFO@THOMPSONCOBURN. COM | PROFESSIONAL SERVICES | | | | $244,320.73 |
| 10 | PROMETCO METALS CORPORATION<br>P.O. BOX 5681<br>CAROL STREAM, IL 60197-5681 | PHONE: 847-879-0200<br>FAX: 8478790220<br>JACK@PROMETCO.NET | TRADE | | | | $236,394.30 |
| 11 | BARSTEEL CORPORATION<br>PO BOX 74848<br>CHICAGO, IL 60694-4848 | PHONE: 219-650-7100<br>SALES@BARSTEELCORP.COM | TRADE | | | | $199,741.81 |
| 12 | ACCORD MANUFACTURING<br>N172 W20950 EMERY WAY<br>JACKSON, WI 53037 | PHONE: 262-677-8391<br>FAX: 262-677-8425<br>SALES@ACCORDMFG.COM | TRADE | | | | $171,172.94 |
| 13 | THE HARTFORD<br>ONE HARTFORD PLAZA<br>HARTFORD, CT 06155 | PHONE: 8605472537<br>INVESTORRELATIONS@THEH ARTFORD.COM | INSURANCE | | | | $157,525.00 |
| 14 | ALLIANCE STEEL LLC<br>2700 E. 5TH AVE<br>GARY, IN 46402 | PHONE: 219-427-5400 | TRADE | | | | $155,173.33 |
| 15 | INSITE OAK BROOK (1400), L.L.C<br>1400 16TH STREET<br>OAK BROOK, IL 60523 | FAX: 6306179111<br>CKOSTELNY@INSITEREALEST ATE.COM | LEASE | | | | $149,660.70 |
| 16 | HARVEY PALLETS, INC.<br>PO BOX 1155<br>BEDFORD PARK, IL 60499-1155 | PHONE: 708-293-1831<br>FAX: 7082931835<br>SALES@HARVEYPALLETS.CO M | TRADE | | | | $149,432.40 |
| 17 | HERRMAN & GOETZ<br>3419 N. HOME STREET<br>MISHAWAKA, IN 46545 | PHONE: 574-282-2596<br>FAX: 5742822645<br>LCRIPE@HGSERVICES.COM | TRADE | | | | $141,440.36 |
| 18 | DALCO METALS, INC.<br>857 WALWORTH STREET<br>WALWORTH, WI 53184 | PHONE: 262-275-6175 | TRADE | | | | $139,874.80 |
| 19 | GREENPOINT METALS, INC.<br>301 SHOTWELL DRIVE<br>FRANKLIN, OH 45005-4659 | PHONE: 937-743-4075<br>FAX: 9377434098<br>INFO@GREENPOINTMETALS. COM | TRADE | | | | $137,247.00 |
| 20 | LAKESIDE METALS INC<br>7000 ADAMS ST<br>WILLOWBROOK, IL 60527 | PHONE: 630 850 3800<br>FAX: 6308507047<br>SERVICE@LAKESIDEMETALS. COM | TRADE | | | | $129,620.14 |
| 21 | SENTINEL TECHNOLOGIES INC<br>2550 WARRENVILLE ROAD<br>DOWNERS GROVE, IL 60515 | PHONE: 630-769-4996<br>SENTINELAR@SENTINEL.CO M | TRADE | | | | $124,021.49 |
| 22 | GL PRECISION TUBE, INC<br>237 S. HIGHLAND AVE<br>AURORA,, IL 60506 | CONTACT: CHUCK KUHN<br>PHONE: 6308599110; 630-859-8940<br>FAX: 630-859-9110<br>INFO@GLPTUBE.COM | TRADE | | | | $117,625.22 |

Debtor: UPG Enterprises LLC Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 23 | MILL STEEL COMPANY<br>DEPT. 77484. PO BOX 77000<br>DETROIT, MI 48277-0484 | PHONE: 800-247-6455<br>FAX: 6139779300<br>INFO@MILLSTEEL.COM | TRADE | | | | $113,776.52 |
| 24 | GRAND GENEVA LLC<br>7036 GRAND GENEVA WAY<br>LAKE GENEVA, WI 53147 | PHONE: 262-249-4765<br>RACHELECLAPP@GRANDGENEVA.COM | TRADE | | | | $110,832.25 |
| 25 | DANUBIUS MACHINE INC<br>11205 DELAWARE PARKWAY<br>CROWN POINT, IN 46307 | PHONE: 219-662-7787<br>FAX: 219-663-1471<br>CNC@DANUBIUSMACHINE.COM | TRADE | | | | $102,355.00 |
| 26 | ROBINDALE STEEL<br>1501 LIGONIER STREET<br>LATROBE, PA 15650 | PHONE: 323-586-4545 | TRADE | | | | $99,943.42 |
| 27 | QUALITEK<br>4240 GROVE AVENUE<br>GURNEE, IL 60031 | PHONE: 847-336-7570<br>FAX: 6306286543<br>CANTONIO@QUALITEK.COM | TRADE | | | | $96,783.75 |
| 28 | DLA PIPER LLP (US)<br>444 WEST LAKE STREET<br>SUITE 900<br>CHICAGO, IL 60606 | CONTACT: ROBERT GROSELAK<br>PHONE: 312 368 2104<br>ROBERT.GROSELAK@US.DLAPIPER.COM | PROFESSIONAL SERVICES | | | | $96,039.13 |
| 29 | CDW DIRECT<br>PO BOX 75723<br>CHICAGO, IL 60675-5723 | PHONE: PHONE:(866) 207-8885<br>MARKBEN@CDW.COM | TRADE | | | | $94,727.86 |
| 30 | UKG INC<br>P.O. BOX 930953<br>ATLANTA, GA 31193-0953 | UKGLEGAL@UKG.COM | TRADE | | | | $92,142.70 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>UPG ENTERPRISES LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-(_____) (___)<br><br>(Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO**
**FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession hereby state, to the best of their knowledge, as follows:

1. Debtor UPG Enterprises LLC is 50% owned by Christopher G. Hutter and 50% owned by Paul D. Douglass.

2. Debtor Sidecar NM LLC is 50% owned by Christopher G. Hutter and 50% owned by Paul D. Douglass.

3. Debtor UP Investment Holdings LLC is 50% owned by Christopher G. Hutter Revocable Trust and 50% owned by Paul Douglass Revocable Trust.

4. Debtors GenX Leasing Partners LLC, UP Equipment Holdings LLC, and UP Central Office LLC are each 100% owned by Debtor UPG Enterprises LLC.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal EIN are as follows: UPG Enterprises, LLC (4790); UP Investment Holdings LLC (8445); UPI LS LLC (6446); UPI MakUSA LLC (1401); UPG Metal Services LLC (8496); GenX Leasing Partners LLC (4464); UP Central Office LLC (0397); UP Equipment Holdings LLC (0431); Metalex LLC (6707); UPG Fabrication LLC (9021); National Metalwares Holdings LLC (2789); National Metalwares L.P. (9247); Sidecar NM LLC (4555); Chicago Steel Holdings LLC (0967); Douglass Logistics LLC (6025); Lexington Steel LLC (2209); Maksteel USA LLC (6796); Maksteel Transport LLC (9011); and UPG Flat Roll Group LLC (7515). The Debtors' mailing address is 1400 16th St., #250, Oak Brook, IL 60523.

5. Debtors UPI MakUSA LLC, UPI LS LLC, Maksteel Transport, UPG Metal Services LLC, and National Metalwares Holdings LLC are each 100% owned by Debtor UP Investment Holdings LLC.

6. Debtor UPG Fabrication LLC is 99% owned by Debtor UP Investment Holdings LLC and 1% owned by non-Debtor MHIG LLC.

7. Debtors UPG Flat Roll Group LLC and Douglass Logistics LLC are each 75% owned by Debtor UPI MakUSA LLC and 25% owned by non-Debtor UPNAI MakUSA LLC.

8. Debtors Chicago Steel Holdings LLC and Maksteel USA LLC are each 100% owned by Debtor UPG Flat Roll Group LLC.

9. Debtor Lexington Steel LLC is 100% owned by Debtor Maksteel USA LLC.

10. Debtor National Metalwares L.P. is 99% owned by Debtor National Metalwares Holdings LLC and 1% owned by Debtor Sidecar NM LLC.

11. Debtor Metalex LLC is 100% owned by Debtor UPG Fabrication LLC.

# OMNIBUS WRITTEN CONSENT OF THE GOVERNING BODIES OF THE ENTITIES SET FORTH ON ANNEX I HERETO

(each, a "***Company***", and collectively, the "***Company Group***")

September 22, 2026

The undersigned, being all of the members of the board of managers or the board of directors, all of the managers or members, the sole manager, the sole member or the general partner, or the special committee consisting of the independent manager, as applicable, of each Company (collectively or individually, the "***Governing Body***"), do hereby, pursuant to, as applicable, the Illinois Limited Liability Company Act, the Delaware General Corporation Law, the Delaware Limited Liability Company Act, the Michigan Business Corporation Act, the California Corporations Code, the Tennessee Revised Limited Liability Company Act, the Wisconsin Uniform Limited Liability Company Law and similar state laws, vote for, adopt, approve and consent to the adoption of the following resolutions and the actions contemplated hereby, it being the understanding and intention that the execution of this written consent is in lieu of the holding of a meeting of the Governing Body of each Company (the "***Consent***"):

**WHEREAS**, the Governing Body having reviewed and considered certain materials presented by the management of the Company Group and the Company Group's financial and legal advisors, including, but not limited to, materials regarding the liabilities and obligations of each Company, the liquidity of the Company Group, strategic alternatives available to the Company Group, and the effect of the foregoing on the Company Group's business, and the Governing Body having had an adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to each Company;

**WHEREAS**, the Governing Body having been briefed on the proposed voluntary bankruptcy petition to be filed by each Company in the United States Bankruptcy Court for the Northern District of Illinois (the "***Bankruptcy Court***") for relief under the provisions of chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***");

**WHEREAS**, management, legal advisors, and financial advisors having presented the Governing Body with the material terms of a certain debtor-in-possession financing agreement (together with all exhibits and schedules thereto, the "***DIP Credit Agreement***" and together with such financing obligations, the "***DIP Facility***") with Firehorse Capital LLC, as the lender (the "***DIP Lender***"), and associated use of cash collateral, to be further documented in proposed interim and final orders (together, the "***DIP Orders***," and collectively with the DIP Credit Agreement, the "***DIP Documents***") to be submitted for approval of the Bankruptcy Court;

**WHEREAS**, use of the DIP Facility is intended, among other things, for post-petition working capital, to fund fees and expenses in connection with a sale process and other general corporate purposes of the Company Group, including the payment of professional fees and expenses and other administrative expenses in the Chapter 11 Cases (as defined below), as well as the other purposes set forth in the DIP Documents; and

**WHEREAS**, the Governing Body having determined that a sale process in the Bankruptcy Court is in the best interests of the Company Group.

## FURTHER COMPANY AUTHORIZATIONS

**NOW THEREFORE, BE IT RESOLVED**, that Thomas J. Allison, as the Independent Manager of UPG Enterprises, LLC f/k/a Union Partners I LLC ("***UPG***") and UP Investment Holdings LLC ("***UPI***") and sole member of the Special Committee of each such entity, with the powers and duties with respect to the Special Committee Matter, which includes all matters set forth in this Consent, does hereby, pursuant to the relevant section of the operating agreement of UPI MakUSA LLC that permits the member or majority member to modify or amend such operating agreement, have UPI: (1) increase the number of managers of UPI MakUSA LLC by one, (2) appoint Thomas J. Allison as the Independent Manager of UPI MakUSA LLC on the same terms and conditions as UPG and UPI, (3) create a Special Committee at UPI MakUSA LLC, on the same terms and conditions as the Special Committee formed at UPG and UPI, and (4) appoint the Independent Manager of UPI MakUSA LLC to be the sole Special Committee Member of the Special Committee, on the same terms and conditions as UPG and UPI; and it is further

**RESOLVED**, that Thomas J. Allison, as the Independent Manager of UPI MakUSA LLC and sole member of the Special Committee of such entity, with the powers and duties with respect to the Special Committee Matter, which includes all matters set forth in this Consent, does hereby, pursuant to the relevant section of the operating agreements of Douglass Logistics LLC and UPG Flat Roll Group LLC that permits the member or majority member to modify or amend such operating agreements, have UPI MakUSA LLC: (1) increase the number of managers of Douglass Logistics LLC and UPG Flat Roll Group LLC by one, (2) appoint Thomas J. Allison as the Independent Manager of Douglass Logistics LLC and UPG Flat Roll Group LLC on the same terms and conditions as UPG and UPI, (3) create a Special Committee at Douglass Logistics LLC and UPG Flat Roll Group LLC, on the same terms and conditions as the Special Committee formed at UPG and UPI, and (4) appoint the Independent Manager of Douglass Logistics LLC and UPG Flat Roll Group LLC to be the sole Special Committee Member of the Special Committee of Douglass Logistics LLC and UPG Flat Roll Group LLC, respectively, on the same terms and conditions as UPG and UPI; and it is further

**RESOLVED**, that Thomas J. Allison, as the Independent Manager of UPG Flat Roll Group LLC and sole member of the Special Committee of such entity, with the powers and duties with respect to the Special Committee Matter, which includes all matters set forth in this Consent, does

hereby, pursuant to the relevant section of the operating agreements of Maksteel USA LLC and Chicago Steel Holdings LLC that permits the member or majority member to modify or amend such operating agreements, have UPG Flat Roll Group LLC: (1) increase the number of managers of Maksteel USA LLC and Chicago Steel Holdings LLC by one, (2) appoint Thomas J. Allison as the Independent Manager of Maksteel USA LLC and Chicago Steel Holdings LLC on the same terms and conditions as UPG and UPI, (3) create a Special Committee at Maksteel USA LLC and Chicago Steel Holdings LLC, on the same terms and conditions as the Special Committee formed at UPG and UPI, and (4) appoint the Independent Manager of Maksteel USA LLC and Chicago Steel Holdings LLC to be the sole Special Committee Member of the Special Committee of Maksteel USA LLC and Chicago Steel Holdings LLC, respectively, on the same terms and conditions as UPG and UPI; and it is further

**RESOLVED**, that Thomas J. Allison, as the Independent Manager of Maksteel USA LLC and sole member of the Special Committee of such entity, with the powers and duties with respect to the Special Committee Matter, which includes all matters set forth in this Consent, does hereby, pursuant to the relevant section of the operating agreements of Lexington Steel LLC and Maksteel Transport LLC that permits the member or majority member to modify or amend such operating agreements, have Maksteel USA LLC: (1) increase the number of managers of Lexington Steel LLC and Maksteel Transport LLC by one, (2) appoint Thomas J. Allison as the Independent Manager of Lexington Steel LLC and Maksteel Transport LLC on the same terms and conditions as UPG and UPI, (3) create a Special Committee at Lexington Steel LLC and Maksteel Transport LLC, on the same terms and conditions as the Special Committee formed at UPG and UPI, and (4) appoint the Independent Manager of Lexington Steel LLC and Maksteel Transport LLC to be the sole Special Committee Member of the Special Committee of Lexington Steel LLC and Maksteel Transport LLC, respectively, on the same terms and conditions as UPG and UPI; and it is further

**RESOLVED**, that to the extent any of the foregoing resolutions appointing an Independent Manager, Special Committee, or Special Committee Member are inconsistent with the provisions of the operating agreement of any Company, such operating agreement shall be deemed amended as appropriate or necessary to reflect the foregoing; and it is further

## CHAPTER 11 FILING

**RESOLVED**, that each Company file a petition in the Bankruptcy Court seeking relief under the provisions of chapter 11 of the Bankruptcy Code (the "***Chapter 11 Cases***"), in which the authority to operate as a debtor in possession will be sought, and the filing of such petition is authorized hereby; and it is further

**RESOLVED**, that John Sordillo of GlassRatner Advisory & Capital Group, LLC, and each other officer of each Company (the "***Authorized Officers***") be, and each acting individually hereby is, authorized, empowered and directed, directly in the name and on behalf of each Company (and on behalf of any Company acting on behalf of any subsidiary thereof) to execute and verify a

petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court at such time as the Authorized Officers executing the same shall determine it to be in the best interests of such Company, the causing of such action to be conclusive evidence of such determination; and it is further

**RESOLVED**, that the Authorized Officers be, and each acting individually hereby is, authorized, empowered and directed in the name and on behalf of each Company directly (and on behalf of any Company acting on behalf of any subsidiary thereof), to cause each Company, to execute and file or cause to be executed and filed and to delegate or direct others to do so on behalf of any Company all documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in that connection to employ and retain all assistance by legal counsel, accountants, financial advisors or other professionals and to take any and all other action which such Authorized Officers deem necessary or appropriate in connection with the Chapter 11 Cases contemplated hereby, the taking of any such action to be conclusive evidence of such determination and the authority therefor; and it is further

**RETENTION OF ADVISORS**

**RESOLVED**, that the law firm of Morris, Nichols, Arsht & Tunnell LLP be, and hereby is, employed to render legal services to, and to represent, the Company Group as bankruptcy counsel in connection with the Chapter 11 Cases and any other related matters in connection therewith, on such terms as any Authorized Officer shall approve; and it is further

**RESOLVED**, that the law firm of Vedder Price, P.C., be, and hereby is, employed to render legal services to, and to represent, the Company Group as local counsel in connection with the Chapter 11 Cases and any other related matters in connection therewith, on such terms as any Authorized Officer shall approve; and it is further

**RESOLVED**, that GlassRatner Advisory & Capital Group, LLC, be, and hereby is, employed to provide services to the Company Group in connection with the Chapter 11 Cases, and any other related matters in connection therewith, on such terms as any Authorized Officer shall approve; and it is further

**RESOLVED**, that SC&H Capital, be, and hereby is, employed to provide investment banking services to the Company Group in connection with the Chapter 11 Cases, and any other related matters in connection therewith, on such terms as any Authorized Officer shall approve; and it is further

**RESOLVED**, that Epiq Corporate Restructuring, LLC, be, and hereby is, employed to provide claims agent, administrative agent, and solicitation services to the Company Group in connection with the Chapter 11 Cases, and any other related matters in connection therewith, on such terms as any Authorized Officer shall approve; and it is further

## DIP DOCUMENTS

**RESOLVED**, that in connection with the Chapter 11 Cases, the Authorized Officers be, and each acting individually hereby is, authorized, directed and empowered in the name of and on behalf of each applicable Company (and on behalf of any Company acting on behalf of any subsidiary thereof), as debtor and debtor in possession, to negotiate, agree to, and to the extent applicable, execute and deliver, and cause such Company to perform its obligations under, the DIP Documents, with such changes therein and additions thereto as shall be deemed necessary, appropriate, or advisable by the Authorized Officer executing the same in the name and on behalf of any such Company, such approval to be evidenced conclusively by such execution thereof; and it is further

**RESOLVED**, that the Authorized Officers be, and each acting individually hereby is, authorized, directed and empowered in the name of and on behalf of each applicable Company (and on behalf of any Company acting on behalf of any subsidiary thereof), to execute, deliver and cause such Company to perform its obligations under such other agreements, certificates, instruments, collateral documents, mortgages, guarantees, notices and any and all other documents that any Authorized Officer may deem necessary or appropriate in connection with the DIP Documents and/or the pledge of collateral in connection therewith, the execution by an Authorized Officer to be deemed conclusive evidence of such determination, and such other agreements related to the DIP Documents that any Authorized Officer may deem appropriate for and in the best interests of each applicable Company, each on terms that such Authorized Officer may deem necessary, appropriate or advisable for the consummation of the transactions contemplated thereby and hereby, the execution by such Authorized Officer to be deemed conclusive evidence of such determination; and it is further

## POTENTIAL SALE TRANSACTION

**RESOLVED**, that it is appropriate and in the best interests of each applicable Company to sell some or substantially all of the assets of the Company Group in connection with the Chapter 11 Cases; and it is further

**RESOLVED**, that the Authorized Officers be, and each acting individually hereby is, authorized and empowered, on behalf of and in the name of each applicable Company, to market, negotiate, execute, deliver, verify and/or file, or cause to be marketed, negotiated, executed, delivered, verified and/or filed, any and all sale agreements, instruments, and other documents necessary, desirable or advisable to carry out the sale of some or substantially all of the assets of the Company Group in connection with the Chapter 11 Cases, and, subject to approval by the Bankruptcy Court, perform any such transactions set forth in such sale agreements, instruments, and other documents; and it is further

## FEES AND EXPENSES

**RESOLVED**, that the Authorized Officers be, and each acting individually hereby is, empowered and directed, in the name and on behalf of each Company, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions, the making of any such payment conclusively to evidence the due authorization; and it is further

## GENERAL

**RESOLVED**, that the Authorized Officers be, and each acting individually hereby is, authorized, empowered and directed, directly in the name and on behalf of each Company (and on behalf of any Company acting on behalf of any subsidiary thereof), to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, certificates, undertakings, instruments and any and all other documents and amendments as in their judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

**RESOLVED**, that the Authorized Officers be, and each acting individually hereby is, authorized, empowered and directed, on behalf of and for and in the name of each Company, to amend, supplement or otherwise modify from time to time the terms of any agreements, undertakings, documents, certificates, instruments, agreements or other writings referred to in the foregoing resolutions; and it is further

**RESOLVED**, that, notwithstanding Annex I hereto, to the extent any of the undersigned, including any individual or any Company (such Company, a "***Controlling Company***"), serves as the member, managing member, manager, general partner, partner, director or other governing body, in each case, of any Company (a "***Controlled Company***"), such individual or Controlling Company hereby approves the foregoing resolutions, including the transactions contemplated thereby, on behalf of any such Controlled Company and, with respect to each Controlling Company, each Authorized Officer, who may act without the joinder of any other Authorized Officer, be, and hereby is, authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to (i) authorize such Controlled Company to take any action that such company is authorized to take hereunder and/or (ii) take any action on behalf of such Controlled Company that an Authorized Officer is herein authorized to take on behalf of such Controlling Company (including execution and delivery of any authorizing resolutions); and it is further

**RESOLVED**, that to the extent any matters set forth in this written consent are inconsistent with the terms of the limited liability company agreement, limited partnership agreement, bylaws or similar governing document of any Company, this written consent shall control and such limited liability company agreement, limited partnership agreement, bylaws or similar governing

document, as applicable, shall be deemed amended to the extent necessary to give effect to the matters set forth herein; and it is further

**RESOLVED**, that any and all actions heretofore taken by any member of the Governing Body, any Authorized Officer or any agent of any Company consistent with the purpose and intent of the foregoing resolutions are hereby authorized, ratified, approved, confirmed and adopted in all respects as the acts and deeds of the applicable Company as fully as if such actions had been presented to the Governing Body for its prior approval.

This written consent may be executed in any number of counterparts, each of which when executed shall be deemed to be an original, and all of which shall together constitute one and the same instrument. Counterparts and executed signature pages transmitted by facsimile or any other electronic means shall be valid as originals.

**IN WITNESS WHEREOF**, the undersigned have duly executed this written consent as of the date first mentioned above:

DocuSigned by:

By: Thomas J Allison
A271D5AF6C14495...

Thomas J. Allison, in each of the Capacities for which he is set forth as a Signatory on Annex I hereto

**ANNEX I**

| Company | Governing Body of Company | Signatories and Capacities for Governing Body |
|---|---|---|
| UPG Enterprises, LLC | Managers (and Special Committee for Special Committee Matters) | Thomas J. Allison, as Independent Manager and Special Committee of UPG Enterprises, LLC |
| UP Investment Holdings LLC | Managers (and Special Committee for Special Committee Matters) | Thomas J. Allison, as Independent Manager and Special Committee of UP Investment Holdings LLC |
| GenX Leasing Partners LLC | UPG Enterprises, LLC, its sole manager | Thomas J. Allison, as Independent Manager and Special Committee of UPG Enterprises, LLC, as Manager |
| UP Central Office LLC | UPG Enterprises, LLC, its sole manager | Thomas J. Allison, as Independent Manager and Special Committee of UPG Enterprises, LLC, as Manager |
| UP Equipment Holdings LLC | UPG Enterprises, LLC, its sole manager | Thomas J. Allison, as Independent Manager and Special Committee of UPG Enterprises, LLC, as Manager |
| UPG Metal Services LLC | UP Investment Holdings LLC, the sole manager of the Company | Thomas J. Allison, as Independent Manager and Special Committee of UP Investment Holdings LLC, as Manager |
| UPI MakUSA LLC | Managers (and Special Committee for Special Committee Matters) | Thomas J. Allison, as Independent Manager and Special Committee of UPI MakUSA LLC |
| Douglass Logistics LLC | Managers (and Special Committee for Special Committee Matters) | Thomas J. Allison, as Independent Manager and Special Committee of Douglass Logistics LLC |
| Maksteel Transport LLC | Managers (and Special Committee for Special Committee Matters) | Thomas J. Allison, as Independent Manager and Special Committee of Maksteel Transport LLC |
| National Metalwares Holdings LLC | UP Investment Holdings LLC, the sole manager of the Company | Thomas J. Allison, as Independent Manager and Special Committee of UP Investment Holdings LLC, as Manager |

| | | |
|---|---|---|
| UPI LS LLC | UP Investment Holdings LLC, the sole manager of the Company | Thomas J. Allison, as Independent Manager and Special Committee of UP Investment Holdings LLC, as Manager |
| UPG Fabrication LLC | UP Investment Holdings LLC, the sole manager of the Company | Thomas J. Allison, as Independent Manager and Special Committee of UP Investment Holdings LLC, as Manager |
| Metalex LLC | UP Investment Holdings LLC, the sole manager of UPG Fabrication LLC, the sole manager of the Company | Thomas J. Allison, as Independent Manager and Special Committee of UP Investment Holdings LLC, as Manager |
| UPG Flat Roll Group LLC | Managers (and Special Committee for Special Committee Matters) | Thomas J. Allison, as Independent Manager and Special Committee of UPG Flat Roll Group LLC |
| Lexington Steel LLC | Managers (and Special Committee for Special Committee Matters) | Thomas J. Allison, as Independent Manager and Special Committee of Lexington Steel LLC |
| Chicago Steel Holdings LLC | Managers (and Special Committee for Special Committee Matters) | Thomas J. Allison, as Independent Manager and Special Committee of Chicago Steel Holdings LLC |
| Maksteel USA LLC | Managers (and Special Committee for Special Committee Matters) | Thomas J. Allison, as Independent Manager and Special Committee of Maksteel USA LLC |
| Sidecar NM LLC | UP Investment Holdings LLC, the sole manager of the Company | Thomas J. Allison, as Independent Manager and Special Committee of UP Investment Holdings LLC, as Manager |
| National Metalwares LP | UP Investment Holdings LLC, the sole manager of Sidecar NM LLC, the sole manager of the Company | Thomas J. Allison, as Independent Manager and Special Committee of UP Investment Holdings LLC, as Manager |

**Fill in this information to identify the case and this filing:**

Debtor Name UPG Enterprises LLC

United States Bankruptcy Court for the: Northern District of Illinois (State)

Case number (*If known*): ______________________

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration Consolidated Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 09/22/2026
MM / DD / YYYY

✘ /s/ John Sordillo
Signature of individual signing on behalf of debtor

John Sordillo
Printed name

Authorized Person
Position or relationship to debtor