**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br>UPG ENTERPRISES, LLC *et al.,*<br>Debtors. | Chapter 11<br>Case No. 26-15734<br>(Jointly Administered)<br>Hon. Daniel R. Fine |

**NOTICE OF MOTION**

TO: See Attached Certificate of Service

PLEASE TAKE NOTICE that on November 24, 2026, at 10:00 am, I will appear before the Honorable Daniel R Fine, or any judge sitting in His stead, either in Courtroom 619 of the Everett McKinley Dirksen United States Courthouse at 219 South Dearborn Street Chicago, Illinois, 60604, or via Zoom as described below, and present ALLIANCE FUNDING GROUP'S MOTION TO COMPEL DEBTOR TO ASSUME OR REJECT UNEXPIRED LEASE, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 414 7941** and no passcode is required. The meeting ID and passcode can also be found on the judge's page on the court's web site.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than three (3) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

NAVITAS CREDIT CORP.

By: /s/ Kenneth D. Peters

Kenneth D. Peters (IL #6186034)
Dressler | Peters, LLC
101 West Grand Ave., Ste. 404
Chicago, IL 60654
Phone: (312) 602-7360
Fax: (312) 637-9378
Email: kpeters@dresslerpeters.com

# CERTIFICATE OF SERVICE

I, Erica Guelinas, a non-attorney, declare under penalty of perjury under the laws of the United States of America, hereby certify that I have served a copy of the foregoing Notice of Motion and the attached Motion, by the method below on the parties below, on November 4, 2026.

**Ricardo Alvarez** alvarez@johnsonkrol.com
**Brian T Bedinghaus** bbedinghaus@ralaw.com, casedocket@ralaw.com; gharris@ralaw.com
**Alexander F Berk** alexander.berk@bfkn.com, james.tucker@bfkn.com; courtmail@bfkn.com
**Brendan G Best** bgbest@varnumlaw.com, tachristians@varnumlaw.com
**Brooke H. Blackwell** bblackwell@vedderprice.com, ecfdocket@vedderprice.com
**Michael A Brandess** michael.brandess@huschblackwell.com, Docket.Bankruptcy@huschblackwell.com;michael-brandess-5090@ecf.pacerpro.com
**Adam G. Brief** Ustpregion11.es.ecf@usdoj.gov
**Jeffrey C Dan** jeffd@goldmclaw.com, katelynnet@goldmclaw.com; Dan.JeffreyC.B144241@notify.bestcase.com
**Carrie A. Dolan** cdolan@cohonraizes.com
**Michael M. Eidelman** meidelman@vedder.com, ecfdocket@vedder.com; michael-eidelman9405@ecf.pacerpro.com
**Evan K. Farber** efarber@loeb.com
**Eva D Gadzheva** eva.gadzheva@goldbergkohn.com
**Joshua D. Greene** joshua.d.greene@usdoj.gov
**Timothy M Hughes** thughes@lavellelaw.com, r41234@notify.bestcase.com
**Matthew Carmen Indrisano** matthew.indrisano@usdoj.gov
**Dimitri G. Karcazes** dimitri.karcazes@goldbergkohn.com, kristina.bunker@goldbergkohn.com
**Emily Keil** ekeil@mcdermottlaw.com, dnorthrop@mcdermottlaw.com
**Jeffrey A Krol** krol@johnsonkrol.com, docket@johnsonkrol.com; burca@johnsonkrol.com
**John K Lyons** john.lyons@us.dlapiper.com, renu.shah@skadden.com; chdocket@skadden.com
**Nicholas R Marcus** nmarcus@seyfarth.com, chidocketmail@seyfarth.com lcreasap@seyfarth.com
**Michael P O'Neil** moneil@taftlaw.com, aolave@taftlaw.com
**Landon S Raiford** lraiford@taftlaw.com, bmount@taftlaw.com; CHI_Docket_Assist@taftlaw.com;rstricker@taftlaw.com
**Nathan Q. Rugg** nathan.rugg@bfkn.com, james.tucker@bfkn.com; courtmail@bfkn.com
**Bethany Simmons** bsimmons@loeb.com, nydocket@loeb.com
**Keith M St. Aubin** kstaubin@duanemorris.com, sawagner@duanemorris.com,keith-st-3934@ecf.pacerpro.com, AutoDocketCHI@duanemorris.com

**William W Thorsness** wthorsness@vedderprice.com, ecfdocket@vedder.com; william-thorsness-6297@ecf.pacerpro.com
**Stuart Freeman Wilson-Patton** stuart.wilson-patton@ag.tn.gov
**Thomas J. Zavala** tom.zavala@huschblackwell.com

I further certify that I have mailed by United States Postal Service the same documents to the following non-ECF participants on the date of the electronic signature affixed hereto:

UPG Enterprises LLC
1400 16th Street
#250
Oak Brook, IL 60523

/s/ Erica Guelinas
Erica Guelinas, Paralegal
Dressler Peters, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| UPG ENTERPRISES, LLC *et al.,* | Case No. 26-15734 |
| Debtors. | (Jointly Administered) |
| | Hon. Daniel R. Fine |

**ALLIANCE FUNDING GROUP'S MOTION TO COMPEL DEBTOR TO ASSUME OR REJECT UNEXPIRED LEASE**

NOW COMES Lessor Alliance Funding Group ("AFG"), pursuant to*, inter alia,* 11 U.S.C. §§ 365; 362; and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure; and for Alliance's Motion to Compel Debtor to Assume or Reject Unexpired Lease, states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334.

2. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

**Background**

**A. The Bankruptcy Case**

3. On September 23, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. [Case No. 26-15751, Dkt. 1.] On September 23, 2026, a motion for joint administration was granted. [*Id.*, Dkt. 7.] The Debtor's case is jointly administered with *In re UPG Enterprises LLC*, Case No. 26-15734 (the "Lead Case"), before the Honorable Daniel R. Fine.

4. The Debtor continues to operate its business and manage its property as a debtor in possession under 11 U.S.C. §§ 1107 and 1108.

5. As of the filing of this motion, no plan of reorganization has been filed, and the Debtor has not moved to assume or reject the Lease. Instead, the Debtors are pursuing a sale of substantially all of their assets under 11 U.S.C. § 363. On September 25, 2026, the Debtors moved for approval of bidding procedures, an auction and a sale hearing, and procedures for the assumption and assignment of executory contracts and unexpired leases in connection with the sale. [Lead Case Dkt. 49 (the "Sale Motion").] The Debtors have since designated a stalking horse bidder and filed a notice of sale and a notice of possible assumption and assignment of contracts and leases with proposed cure amounts. [Lead Case Dkt. 186, 187, 188.]

6. AFG has filed a Limited Objection to the proposed cure amount of its unexpired lease in the pending Sale Motion.

**B. The Lease and the Equipment**

7. The Debtor, as lessee, and AFG, as lessor, are parties to Equipment Lease Agreement No. 21-12695 (the “Lease Agreement”), executed by the Debtor on February 3, 2021 and accepted by AFG on June 11, 2021. A true and correct copy of the Lease and its associated documents are attached hereto as **Exhibit 1**.

8. Under the Lease, AFG leased to the Debtor one (1) Star Evobend 450CN3 2-Level CW Rotary Draw Bender, Serial No. 0183214500101, with all attachments, accessories and options (the "Equipment"). AFG purchased the Equipment from Innovative Tube Equipment Corporation with delivery to the Debtor's facility at 900 North Russell Avenue, Aurora, Illinois. *See* Exhibit 1.

9. On June 11, 2021, the Debtor executed a Lessee's Acknowledgement & Delivery Acceptance Receipt confirming receipt of the Equipment in good condition and acknowledging that the Lease is non-cancellable for its term. *See* Exhibit 1.

10. The Lease provides for a base term of 60 months at monthly rent of $2,999.00, plus applicable taxes. *See* Exhibit 1.

11. The Debtor's obligation to pay rent is unconditional and not subject to set-off or cancellation. *See* Exhibit 1 at ¶ 2.

12. AFG owns and holds title to the Equipment. *See* Exhibit 1 at ¶ 8.

13. At the end of the term, the Debtor may (a) purchase the Equipment for its *fair market value*, (b) renew the Lease, or (c) return the Equipment to AFG. *See* Exhibit 1 at "End of Lease Options" and ¶ 16. If the Debtor does not give the required written notice of its election, the Lease automatically renews for a 12-month term. *See* Exhibit 1 at ¶ 16.

14. The base term matured in June 2026. The Debtor did not exercise an end-of-term option, and the Lease renewed automatically under paragraph 16. The Lease is therefore in its 12-month renewal term, which runs through approximately June 2027, with eight (8) monthly rental payments of $2,999.00 remaining as of the Petition Date.

15. As a precaution, and to protect its interest, AFG filed a UCC-1 financing statement with the Delaware Department of State on February 11, 2021 (Initial Filing No. 2021 1144378), designating the transaction as lessee/lessor, and continued the UCC-1 Financing Statement on December 15, 2025 (Amendment No. 2025 9542389). A true and correct copy of the UCC financing statement is attached hereto as **Exhibit 2**.

**C. Status of Payments**

16. AFG's records reflect that the Debtor's last payment was received on September 1, 2026 and that the account is paid through September 30, 2026. No monetary default existed under the Lease as of the Petition Date. The installment due October 1, 2026 has not been paid.

17. The Debtor has not advised AFG whether it intends to assume or reject the Lease, whether it intends to purchase or return the Equipment at the end of the renewal term, or whether it continues to maintain the insurance the Lease requires.

## Basis for Relief

**I. The Court may order the Debtor to decide whether to assume or reject the Lease by a specified date.**

18. Section 365(d)(2) of the Bankruptcy Code provides that in a case under Chapter 11, the Court may order that the Trustee (in this case, Debtor) determine, within a specified period of time whether to assume or reject an executory contract or unexpired lease. Debtor has not requested an extension of time to assume or reject the Lease Agreement, and Debtor has paid AFG nothing since the Petition Date.

19. Before Debtor may assume an executory contract or an unexpired lease, Section 365(b)(1) of the Bankruptcy Code requires that a Debtor cure the existing contractual defaults and provide adequate assurance of future performance to the other party to the Lease Agreement. Therefore, if the Court allows the Debtor to choose to assume the Lease Agreement, the Debtor must cure the arrears under the Lease Agreement, including the payment of AFG' reasonable attorneys' fees (pursuant to ¶ 13 of the Lease Agreement) and court costs and any other contractual payment(s) that are due.

20. No data or information in the records in the bankruptcy court docket shows a financial ability of the Debtor to assume the lease. Nor has there been any indication that the Debtor intends to assume the lease.

21. The Lease covers a single machine that the Debtor selected, accepted, and has operated at its own plant for more than five years. The Debtor does not need months of analysis to know whether a tube bender is part of its go-forward operations. Nor do the equities require

AFG, as lessor, to absorb the cost of the Debtor's continued use of the Equipment while the Debtors pursue a sale under § 363.

22. The sale process will decide the Lease's fate, and AFG should not be left in limbo. The Equipment will almost certainly be assumed and assigned to a buyer, or rejected, in connection with the Debtors' pending sale rather than at plan confirmation. Under the proposed assumption and assignment procedures, however, the Debtors will ask the Court at the sale hearing to approve assumption and assignment of only those contracts and leases the successful bidder selects, and they "reserve any and all rights" with respect to every contract and lease the buyer does not select. [Lead Case Dkt. 49 at 56–57 (proposed Bidding Procedures Order ¶ 20(f)).] If the buyer does not take the Lease, nothing in the sale process requires the Debtor to decide its fate. The Debtor could keep the Equipment for most or all of the renewal term, which ends in or about June 2027, while it winds down, without ever committing to the Lease. That would leave AFG unable to recover, remarket or protect the Equipment.

**II. Upon rejection, the stay terminates and the Equipment must be surrendered.**

23. If a lease of personal property "is rejected or not timely assumed by the trustee under subsection (d), the leased property is no longer property of the estate and the stay under section 362(a) is automatically terminated." 11 U.S.C. § 365(p)(1). AFG asks that the order confirm the termination upon rejection or deemed rejection and direct the Debtor to surrender the Equipment as paragraph 16 of the Lease requires. To the extent necessary, the same facts establish cause for relief from the automatic stay under § 362(d)(1).

**WHEREFORE**, Alliance Funding Group respectfully requests that the Court enter an order:

a. Requiring the Debtor, on or before the earlier of (x) seven (7) days after the closing of any sale of the Debtors' assets under the Sale Motion, or (y) December 15, 2026 (the "Decision Deadline"), to either (i) file and serve a motion to assume, or to

assume and assign, the Lease that provides for cure of all defaults and adequate assurance of future performance under § 365(b)(1) and (f)(2), or (ii) reject the Lease;

b. Providing that, unless the Lease has been assumed and assigned under an order approving the sale or the Debtor has timely filed a motion to assume it, the Lease is deemed rejected as of the Decision Deadline without further order;

c. Providing that, upon rejection or deemed rejection, the Equipment is no longer property of the estate and the automatic stay terminates as to the Equipment under § 365(p)(1), and directing the Debtor to surrender the Equipment to AFG within fourteen (14) days, at the Debtor's expense, in the condition the Lease requires; and

d. Granting such other and further relief as the Court deems just.

Dated: November 4, 2026

Respectfully submitted,

Alliance Funding Group,

*/s/ Kenneth D. Peters*
One of its attorneys

Kenneth D. Peters
Eric F. Baumgart
Dressler Peters, LLC
101 W. Grand Ave., Ste. 404
Chicago, Illinois 60654
(312) 602-7630
kpeters@dresslerpeters.com
ebaumgart@dresslerpeters.com